In the Matter of the Application of THE CITY OF NEW YORK, Appellant, Relative to the Closing of City Hall Place between Duane and Pearl Streets in the Borough of Manhattan.

HELEN H. JANEWAY et al., Respondents.

(Argued April 15, 1936; decided May 19, 1936.)

200

*Paul Windels,* Corporation Counsel (*Paxton Blair, Joseph F. Mulqueen, Jr.,* and *Reuben Levy* of counsel), for appellant.

*August G. Klages* for respondents.

FINCH, J. This proceeding was brought by the city of New York pursuant to chapter 752 of the Laws of 1923, to condemn the rights in the bed of a street named City Hall place.

City Hall place has been a public street since 1794. In 1914 the city brought condemnation proceedings to acquire property for a new county courthouse. City

Hall place was included within the area acquired. No attempt was made in the 1914 condemnation proceedings to take title to the bed of the street because the city believed that it already owned this fee, but the city did become the owner of the land abutting on the street.

In 1928 the Federal government sought a site for a new courthouse and the city entered into negotiations with it for the sale of that portion of the land condemned in 1914 which remained unoccupied including City Hall place. In order to carry out these negotiations the city undertook to close and discontinue this street. Accordingly on November 14, 1929, pursuant to section 442 of the Greater New York Charter (Laws of 1901, ch. 466, as amd. L. 1917, ch. 632), the Board of Estimate and Apportionment passed a resolution approving a change of the general map so as to show City Hall place as closed or discontinued and applied the name " City Hall Place " to a new street some distance away. The new map was filed on February 7, 1930. Subsequently the city physically closed the street by fencing it off, changing its grade and erecting signs reading " No Thoroughfare." The city learned of its mistake in 1931 and immediately commenced these proceedings to close the street and to acquire title to the bed of the street. Two of the present claimants filed answers to the petition of the city for an order directing the fixing of compensation for the title to be acquired. Mr. Justice DORE denied the motion to dismiss, held that the proceedings could be brought and granted an order directing that a hearing be held to fix the compensation. An appeal was taken from the order but subsequently was withdrawn and the land was conveyed to the Federal government.

The proceedings to fix compensation came on before Mr. Justice ROSENMAN. The motion to dismiss the proceeding was renewed. Mr. Justice ROSENMAN granted the motion holding that chapter 752 of the Laws of 1923 was not applicable under the circumstances, that, therefore, the court lacked jurisdiction of the subject-

matter and since the question was one of jurisdiction, he was not bound by the decision of Mr. Justice DORE.

Prior to the closing of this 135-year old street in 1930 (pursuant to the resolution of 1929) the title to the bed of the street had only a nominal value. If it had been condemned before the street closing, there is no doubt that the award would have been the usual one dollar. The respondents claim that since chapter 752 of the Laws of 1923 refers to " public streets " once the street was closed that statute was rendered inapplicable; that thereupon the respondents became possessed of an unincumbered fee simple; that if the fee can be condemned at all, compensation must be paid for it as unincumbered. This result, they argue, was brought about because the city first sought to obliterate the public easements of passage and thereafter sought to condemn the title to the bed of the street, whereas if the city had sought a like condemnation of the privately-owned title to the bed of the street at the same time as it sought to end the public easements, this proceeding would have been effectual and the damages awarded nominal. In other words, the contention is that the bed of the street, which to its owners would have been practically valueless if condemned prior or at the same time as the closing of the street, has become extremely valuable to them because the city, by reason of a mistake of fact, closed the street before condemning the title to its bed. Carrying this reasoning to its logical conclusion we would reach the absurd result that if a street closing proceeding and a condemnation proceeding were commenced independently and the street was closed a day before the hearing to determine the value of the bed of the street, the bed of the street would have become valuable, although, if the hearing had been held before the street was closed, the value would have been nominal. It cannot be that the Legislature intended that when the city unmistakably evinces an intention to acquire full title to a street it

cannot do so pursuant to this statute (Laws of 1923, ch. 752) if perchance it passes a resolution obliterating the public easement of passage before it proceeds to condemn the private fee title and that, in addition, such a change in the order of procedure would greatly enhance the value of the fee title. To construe the statute as the respondents read it would exalt form over substance.

The orders appealed from should be reversed, without costs, and the matter remitted to the Special Term for action in accordance with this opinion.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, CROUCH and LOUGHRAN, JJ., concur.

Ordered accordingly.